# FIFTH AMENDMENT
# TO
# THIRD AMENDED, RESTATED AND CONSOLIDATED LEASE AGREEMENT

This **FIFTH AMENDMENT TO THIRD AMENDED, RESTATED AND CONSOLIDATED LEASE AGREEMENT** ("**Fifth Amendment**") is made and entered into effective as of the 31st day of December, 2020 (the "**Fifth Amendment Effective Date**"), by and between **FLORIDA 2005 THEATERS LLC**, a Delaware limited liability company, f/k/a MUVICO REALTY, L.L.C., a Delaware limited liability company, with offices at c/o iStar Inc., 1114 Avenue of the Americas, 39th Floor, New York, New York 10036 (together with any successor or assign, hereinafter collectively called "**Landlord**"), and **AMERICAN MULTI-CINEMA, INC.**, a Missouri corporation, with offices at 11500 Ash Street, Leawood, Kansas 66211, Attention: Lease Administration (together with any successor or permitted assign, hereinafter collectively called "**Tenant**").

### RECITALS:

A.  Landlord and Tenant, as successor-in-interest to Eastwynn Theatres, LLC, an Alabama limited liability company, f/k/a Eastwynn Theatres, Inc., an Alabama corporation, Carmike Cinemas, LLC, a Delaware limited liability company, f/k/a Carmike Cinemas, Inc., a Delaware corporation, and GKC Theatres, Inc., a Delaware corporation (each, jointly and severally, as successor-in-interest to Muvico Entertainment, L.L.C., a Delaware limited liability company), entered into that certain Third Amended, Restated and Consolidated Lease Agreement dated as of March 19, 2009 (the "**Original Lease**"), as amended by that certain First Amendment to Third Amended, Restated and Consolidated Lease Agreement dated as of November 20, 2013 ("**First Amendment**"), as amended by that certain Second Amendment to Third Amended, Restated and Consolidated Lease Agreement dated as of August 24, 2017 ("**Second Amendment**"), as amended by that certain Third Amendment to Third Amended, Restated and Consolidated Lease Agreement dated as of January 8, 2018 ("**Third Amendment**"), as amended by that certain Fourth Amendment to Third Amended, Restated and Consolidated Lease Agreement dated as of December 13, 2018 ("**Fourth Amendment**", collectively with the Original Lease, the First Amendment, the Second Amendment, and the Third Amendment, and all amendments and supplements thereto, the "**Lease**"), pursuant to the terms and conditions of which Landlord agreed to lease to Tenant the Premises, as defined in the Lease, which is comprised of the Parisian Site, the BayWalk Site, the Rosemont Site and the Oaks Site (as such terms are defined in the Lease).

B.  Landlord and Tenant desire to further amend the Lease, all pursuant to and subject to the terms and conditions more fully set forth herein.

NOW, THEREFORE, in consideration of the Recitals set forth above, the covenants and agreements contained herein, and other good and valuable consideration, the receipt, adequacy and total sufficiency of which are hereby acknowledged, Landlord and Tenant hereby agree as follows:

US_147187948v8_208972-00182

1. <u>Incorporation of Recitals/Terms</u>.  The Recitals to this Fifth Amendment set forth above are hereby incorporated herein.  All terms not otherwise defined herein shall have the meaning ascribed to them in the Lease.

2. <u>Amendments to Lease</u>.  The Lease is hereby modified and amended as follows:

(a) <u>Modifications to Lease</u>.  The Lease is hereby modified, amended and restated, as applicable, as set forth below:

(i) Paragraph 1, Definitions, of the Lease is hereby amended to include the following definitions, each of which shall be deemed inserted in its correct alphabetical order with the existing definitions:

"**Fifth Amendment**" shall mean that certain Fifth Amendment to Third Amended, Restated and Consolidated Lease Agreement dated as of December 31, 2020 by and between Landlord and Tenant.

"**Fifth Amendment Effective Date**" shall mean December 31, 2020.

"**Lawsuit**" is defined in amended and restated subparagraph 31(d) of the Lease, which is amended and restated in subparagraph 2(a)(iii) of the Fifth Amendment.

(ii) The last sentence of subparagraph 5(d)(iv) of the Lease, as modified in the Fourth Amendment, which reads:

"Notwithstanding the foregoing, the requirements of maintaining the Security Deposit shall be permanently waived by Landlord upon the earlier to occur of (a) (1) completion of the Renovations and (2) when Tenant's EBITDAR Ratio for the Premises equals or exceeds 1.0 for two consecutive Quarterly Lease Year Periods; or (b) twenty-four (24) months after completion of the Renovations."

is hereby amended and restated in its entirety to read as follows:

"Notwithstanding the foregoing, the requirements of maintaining the Security Deposit shall be permanently waived by Landlord on March 1, 2022 and Landlord shall return the original Letter of Credit to Tenant promptly thereafter and, in any event, within ten (10) Business Days."

(iii) Subparagraph 31(d) of the Lease is hereby amended and restated in its entirety to read as follows:

"Prior to the Fifth Amendment Effective Date, a dispute arose between Landlord and Tenant regarding Tenant's completion of the Renovations, submission of the Renovation Close-Out Items, and rights to require payment of Landlord's Contribution; and in connection with that

2

dispute, Landlord filed an action in the Circuit Court of Cook County, Illinois, entitled *Florida 2005 Theaters LLC v. American Multi-Cinema, Inc.*, Case No. 2020L012058, which complaint was removed by Tenant to the United States District Court for the Northern District of Illinois, as Case No. 20-CV-7503 (the "**Lawsuit**"). Effective as of the Fifth Amendment Effective Date, Landlord and Tenant have agreed that the Landlord's Contribution is $11,500,051.71. The parties have further agreed that the principal balance of the Landlord's Contribution shall bear interest at the rate of twelve percent (12%) per annum and Landlord shall only be obligated to pay the Landlord Contribution in installments, so long as Landlord makes timely payment of installments as described herein. Specifically, the parties have agreed that installment payments shall be made by a combination of rent offsets and payments to Tenant by Landlord in accordance with the following schedule:

|  | Rent withheld | Additional pmt | Additional pmt | Interest | Balance |
|---|---|---|---|---|---|
| 12/31/20 |  |  |  |  | $11,500,051.71 |
| 12/31/20 |  | -$339,567.21 | -$1,500,000.00 |  | $9,660,484.50 |
| 1/1/21 | -$679,134.42 |  |  |  | $8,981,350.08 |
| 2/1/21 | -$679,134.42 | -$339,567.21 |  | $89,813.50 | $8,052,461.95 |
| 3/1/21 | -$679,134.42 | -$339,567.21 |  | $80,524.62 | $7,114,284.94 |
| 4/1/21 | -$679,134.42 | -$339,567.21 |  | $71,142.85 | $6,166,726.16 |
| 4/15/21 | -$679,134.42 | -$339,567.21 | -$1,000,000.00 | $30,833.63 | $4,178,858.16 |
| 5/1/21 | -$679,134.42 | -$339,567.21 |  | $20,894.29 | $3,181,050.83 |
| 6/1/21 | -$679,134.42 | -$339,567.21 |  | $31,810.51 | $2,194,159.70 |
| 7/1/21 | -$679,134.42 | -$339,567.21 |  | $21,941.60 | $1,197,399.67 |
| 8/1/21 | -$679,134.42 | -$339,567.21 |  | $11,974.00 | $190,672.04 |
| 9/1/21 | -$192,578.76 |  |  | $1,906.72 | $0.00 |

The payment from Landlord to Tenant due April 15, 2021, is conditioned upon Landlord's receipt on or before April 14, 2021, of a certification from Tenant's chief financial officer that Tenant had a cash balance of at least $250,000,000.00 on March 31, 2021. If Landlord fails to receive such certification on or before April 14, 2021, then the payment schedule set forth above shall be deemed amended to read as follows:

|  | Rent withheld | Additional pmt | Additional pmt | Interest | Balance |
|---|---|---|---|---|---|
| 12/31/20 |  |  |  |  | $11,500,051.71 |
| 12/31/20 |  | -$339,567.21 | -$1,500,000.00 |  | $9,660,484.50 |
| 1/1/21 | -$679,134.42 |  |  |  | $8,981,350.08 |
| 2/1/21 | -$679,134.42 | -$339,567.21 |  | $89,813.50 | $8,052,461.95 |
| 3/1/21 | -$679,134.42 | -$339,567.21 |  | $80,524.62 | $7,114,284.94 |
| 4/1/21 | -$679,134.42 | -$339,567.21 |  | $71,142.85 | $6,166,726.16 |
| 5/1/21 | -$679,134.42 | -$339,567.21 |  | $61,667.26 | $5,209,691.80 |
| 6/1/21 | -$679,134.42 | -$339,567.21 |  | $52,096.92 | $4,243,087.08 |
| 7/1/21 | -$679,134.42 | -$339,567.21 |  | $42,430.87 | $3,266,816.32 |
| 8/1/21 | -$679,134.42 | -$339,567.21 |  | $32,668.16 | $2,280,782.86 |
| 9/1/21 | -$679,134.42 | -$339,567.21 |  | $22,807.83 | $1,284,889.06 |
| 10/1/21 | -$679,134.42 | -$339,567.21 |  | $12,848.89 | $279,036.32 |
| 11/1/21 | -$281,826.68 |  |  | $2,790.36 | $0.00 |

In the event that Landlord fails to pay any installment when due, and fails to make that payment within ten (10) days of receiving notice by e-mail in accordance with the Lease from Tenant of such non-payment, then the entire unpaid outstanding balance of Landlord's Contribution shall become immediately due and payable to Tenant and the applicable payment schedule will no longer apply. The outstanding balance shall continue to accrue interest at the rate of twelve percent (12%) per annum.

In the event Tenant fails to meet any of its payment obligations under the Lease to Landlord or any other party when due and payable and such failure shall continue beyond any applicable notice and cure period under the Lease, Landlord shall be entitled to pay such obligation and deduct the amount of such payment from any installment due and payable by Landlord under the schedules set forth herein without additional notice to Tenant. Landlord shall, within ten (10) days after any such payment by Landlord, provide supporting documentation to Tenant of such payment or amount owed and shall promptly provide any additional reasonable supplemental information or documentation about the offset requested by Tenant."

3. <u>Lawsuit</u>. Promptly upon execution of this Fifth Amendment, the parties shall: (i) advise the court with jurisdiction over the Lawsuit of the existence of a settlement requiring payment of installments over time; (ii) obtain from the court an order dismissing the Lawsuit (including any counterclaims) without prejudice and with each Party to bear its own fees and costs; and (iii) ask the court to maintain jurisdiction during the pendency of the installment schedule for the purpose of enforcing settlement.

4. <u>Costs and Expenses</u>. The parties shall be responsible for their own costs and expenses in connection with the preparation, negotiation, execution and delivery of this Fifth Amendment and the Lawsuit.

4

5. <u>Confirmation</u>. Except as expressly modified by the terms and provisions of this Fifth Amendment, all of the terms and provisions of the Lease are unchanged and to be continued in full force and effect and all rights, remedies, liabilities and obligations evidenced by the Lease are hereby acknowledged by Tenant to be valid and subsisting and to be continued in full force and effect. The Lease, as modified and amended hereby, is hereby ratified and confirmed by Landlord and Tenant, and every provision, covenant, condition, obligation, right, term and power contained in and under the Lease, as modified and amended hereby, shall continue in full force and effect. All references to the Lease in the Lease shall mean the Lease as modified and amended by this Fifth Amendment. Except as provided in this Fifth Amendment Tenant has no claim of offset against Landlord as of the date of this Fifth Amendment and Tenant hereby confirms that there is no default by Landlord under the Lease through and including the date of this Fifth Amendment.

6. <u>No Other Modifications</u>. Landlord and Tenant hereby acknowledge and agree that the Lease has not been modified, amended, canceled, terminated, released, superseded or otherwise rendered of no force or effect except as described herein.

7. <u>Parties Bound</u>. This Fifth Amendment shall be binding upon the parties hereto and their respective permitted successors and assigns.

8. <u>Counterparts</u>. This Fifth Amendment may be executed in counterparts, each of which shall be an original but all of which together shall constitute one agreement, binding on all of the parties hereto notwithstanding that all of the parties hereto are not signatories to the same counterpart. For purposes of this Fifth Amendment, each of the parties hereto agree that a facsimile copy of the signature of the person executing this Fifth Amendment on either party's behalf shall be effective as an original signature and legally binding and effective as an execution counterpart hereof. Each of the undersigned parties authorizes the assembly of one or more original copies of this Fifth Amendment through the combination of the several executed counterpart signature pages with one or more bodies of this Fifth Amendment including the Exhibits, if any, to this Fifth Amendment, such that this Fifth Amendment shall consist of the body of this Fifth Amendment, counterpart signature pages which collectively will contain the signatures of the undersigned parties hereto, and the Exhibits, if any, to this Fifth Amendment. Each such compilation of this Fifth Amendment shall constitute one original of this Fifth Amendment.

9. <u>Signor's Warranty</u>. Landlord and Tenant each represents to the other party that the individual executing and delivering this Fifth Amendment on its behalf has been duly authorized and has the power to make such execution and delivery.

10. <u>Captions</u>. Article and Section headings used herein are for convenience of reference only and should not affect the construction of any provision of the Lease, as amended and modified hereby.

11. <u>Governing Law</u>. This Fifth Amendment shall be governed by the laws of the State of Illinois, without regard to its conflict of law or principles.

*[Remainder Left Blank Intentionally]*

IN WITNESS WHEREOF, the parties hereto have executed this Fifth Amendment as of the date first above written.

**LANDLORD:**

**WITNESSED BY (2 witnesses required):**

*Nafiz Linkon*
Printed Name: Nafiz Linkon

*barclay jones*
Printed Name: Barclay Jones

**FLORIDA 2005 THEATERS LLC**, a Delaware limited liability company

By: iStar Inc., a Maryland corporation, its Sole Member

By: *[signature]*
Name: Catherine Tenney
Title: Senior Vice President

*[Signatures Continued on Next Page]*

**WITNESSED BY (2 witnesses required):**

_____
Printed Name: Tom Larson

_____
Printed Name: Mark Sisoyev

**TENANT:**

**AMERICAN MULTI-CINEMA, INC.,** a Missouri corporation

By: _David E Ellis_
Name: Daniel Ellis
Title: Senior Vice President